UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAN ABERA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO PACIFICVU LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:25-cv-01437-RBM-DEB<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S IFP APPLICATION WITH LEAVE TO FILE A RENEWED APPLICATION [Doc. 2]**<br><br>**(2) DISMISSSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES**<br><br>**(3) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. 3]** |

On June 5, 2025, Plaintiff Aman Abera ("Plaintiff") filed a Complaint against Defendants San Diego Pacificvu LLC, Greg Hinchy, J. William Hinchy, Tirey Kimball, St. John LLP, Charles Gregory Billinger, Nicole Marie Rivera, Peter F. Murray (in his individual and official capacity as a judicial officer), Blaine K. Bowman, the San Diego County Sheriff's Department, and Does 1 through 50 ("Complaint"). (Doc. 1.) Along with his Complaint, Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP Application").  (Doc. 2.)  Plaintiff also filed an Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("TRO Application").  (Doc. 3.)

1

The next day, Plaintiff filed an Emergency Notice of Imminent Harm and Request for Immediate Ruling on Pending TRO Application ("Emergency Motion") (Doc. 4) and a "Notice of Supplemental Authority and Renewed Request for Emergency Relief" (Doc. 5).

For the reasons discussed below, the Court (1) **DENIES** Plaintiff's IFP Application with leave to file a renewed application; (2) **DISMISSES** this action without prejudice; and (3) **DENIES** Plaintiff's TRO Application without prejudice as moot.

## I.    IFP APPLICATION

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A court may authorize the commencement of a suit without prepayment of the filing fee if the plaintiff submits a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a).  The facts of an affidavit of poverty must be stated "with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("[§] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "[a]n affidavit in support of an IFP [motion] is sufficient where it alleges that the affiant cannot pay the court

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis ("IFP").  *Id.*

costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citing *Adkins*, 335 U.S. at 339); *see also McQuade*, 647 F.2d at 940 (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993) (citation omitted).

In his IFP Application, Plaintiff declares he is experiencing financial hardship. (Doc. 2 at 5–6.) Plaintiff lists $10,000 as his monthly income from employment and $2,970 as his monthly expenses. (*Id*. at 1.) Specifically, Plaintiff declares that he spends $2,100 per month on his rent or home-mortgage payment, $230 per month on utilities, $450 per month on food, and $40 per month on laundry and dry-cleaning. (*Id*. at 4.) Plaintiff is not owed any money and does not have any dependents who rely on him for financial support. (*Id*. at 3.) Plaintiff has $300 in a checking account with USAA Banking and does not anticipate any changes to his income or expenses in the next twelve months. (*Id*. at 2, 5.)

Moreover, Plaintiff declares that he worked for UBER and Lyft from November 2023 to January 2, 2025, where his gross monthly pay was up to $7,500 and $1,000 respectively.[2] (*Id*. at 2.) Based on his listed income, however, Plaintiff appears to have sufficient funds to assist in paying the $405 fee. In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), one of the sources courts may look to is the federal poverty guidelines developed each year by the Department of Health and

---

[2] The Court notes that Plaintiff listed "$7,50" as his gross monthly pay from his employment at UBER. (*See* Doc. 2 at 2.) Given that Plaintiff declares his gross monthly income is $10,000, the Court construes Plaintiff's listed amount as $7,500.

3

Human Services. *See, e.g., Kristine E. v. O'Malley*, No. 24-CV-1182-GPC (MMP), 2024 WL 4442013, at *1 (S.D. Cal. Sept. 9, 2024). Plaintiff does not claim to have a spouse or any dependent who rely on him for support. (Doc. 2 at 1–3.) Based on his affidavit of assets, Plaintiff has an annual household gross income of $120,000 which is much higher than the 2025 federal poverty guideline for a household of one person ($15,650). *See* 2025 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited June 6, 2025).

Even considering monthly expenses, Plaintiff's gross monthly income still significantly exceeds his combined expenses. (Doc. 2 at 1, 4–5.) *See Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (noting that courts should not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar"); *see also Alvarez v. Berryhill*, No. 18-cv-2133 W (BGS), 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses"). The Court therefore concludes that Plaintiff has not alleged poverty "with some particularity, definiteness, and certainty." *See Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's IFP Application is **DENIED**, and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed IFP, he may file a renewed IFP application that provides clear and legible answers and sufficiently demonstrates indigency.[3]

## II.     TRO APPLICATION

In the TRO Application, Plaintiff requests this Court to "halt enforcement of a void Writ of Possession." (Doc. 3 at 2.) However, as Plaintiff's Complaint has been dismissed, there is no operative complaint on which to base his TRO Application. *See Jones v. Fed.*

---

[3] The Court notes it is highly unlikely the Complaint, as alleged, would survive the mandatory screening pursuant to § 1915(e). Specifically, the Court doubts that it has subject matter jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine which states that federal courts lack jurisdiction to review state court rulings. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

*Corr. Ctr. Med. Dep't*, No. 20-CV-1385 JLS (BLM), 2020 WL 6942519, at *4 (S.D. Cal. Nov. 25, 2020) (denying prisoner's IFP motion and denying the motion for TRO as moot); *Olajide v. Brown*, Case No. 18-cv-03991-CRB, 2018 WL 3328227, at *3 (N.D. Cal. July 6, 2018) (dismissing the complaint and thereby denying the TRO motion as moot); *Barnes v. United Council of Hum. Servs.*, Case No. C 19-2848 SBA, 2019 WL 2270374, at *3 (N.D. Cal. May 28, 2019) (dismissing the complaint, denying the IFP application, and denying the TRO motion as moot); *see also Brodzki v. United States*, No. 11-CV-2650 JLS WVG, 2012 WL 1610015, at *2 (S.D. Cal. May 8, 2012) (dismissing the complaint and denying the IFP and TRO motions as moot). Thus, Plaintiff's TRO Application is moot.

### III.   CONCLUSION

Based on the foregoing, the Court:

1. **DENIES** Plaintiff's IFP Application (Doc. 2) with leave to file a renewed application.

2. **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a).

3. **DENIES** Plaintiff's TRO Application (Doc. 3), and the related Emergency Motion (Doc. 4), without prejudice as moot.

To proceed with this action, Plaintiff must either (a) prepay the entire $405 civil filing fee in one lump sum, or (b) file a renewed IFP application providing clear and legible answers. If Plaintiff chooses not to comply with this Order by either paying the $405 civil filing fees or by submitting a properly supported IFP Application, this case will remain dismissed without prejudice without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

**IT IS SO ORDERED**.

DATE:  June 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE